IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,328-01






EX PARTE CLIFTON DEWAYNE HARVIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-08-0076M-CR IN THE 97TH DISTRICT COURT


FROM MONTAGUE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to sixty years' imprisonment. The Second Court of Appeals affirmed his
conviction. Harvin v. State, No. 02-04-00294-CR (Tex. App.-Fort Worth 2005, no pet.).

 Applicant contends, among other things, that he is actually innocent, that trial and appellate
counsel were ineffective, and that his no contest plea was involuntary. On November 4, 2009, and
June 30, 2010, we remanded this application for findings of fact and conclusions of law. On the
second remand, the trial court held a live evidentiary hearing and made findings of fact and
determined that Applicant was denied his right to file a pro se petition for discretionary review. We
believe that the record is not adequate to resolve Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second evidentiary hearing, the trial court shall determine whether Applicant is indigent. If he is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether: (1)
the complainant's recantations are credible; (2) her recantations are newly available or discovered
evidence, see Ex parte Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006); and (3) Applicant has
established that he is actually innocent. In making these findings and conclusions, the trial court shall
consider the affidavit Cynthia Harvin signed in December 2010. The trial court shall also make
findings as to whether the transcript of the grand jury testimony was disclosed to Applicant before
he pleaded no contest. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 8, 2011

Do not publish